This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                    **NO. 32,278**

**DOLORES PERALEZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals her conviction on the basis that the district court erred in denying her motion for a continuance. We proposed to affirm. Defendant has timely responded to our proposal. In addition, she has moved to amend the docketing statement to raise an ineffective assistance of counsel claim. We have considered her arguments and, finding them unpersuasive, we affirm the conviction. We deny the motion to amend the docketing statement. However, nothing precludes Defendant from pursuing her claim in a habeas corpus proceeding.

In our notice, we set forth the factors that the courts should consider when evaluating a motion for continuance. *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. We then applied the factors to this case and proposed to conclude that the district court did not abuse its discretion in refusing to grant a continuance. In her memorandum in opposition, Defendant addresses only the prejudice she suffered from the denial of her continuance. She contends that she was prejudiced because the denial of the continuance precluded her from presenting her defense of diminished capacity. We disagree.

First, Defendant's treating physician was not necessary for Defendant to raise her claim of diminished capacity to form the intent to sell alcohol to a minor. She could have testified on her own behalf, explaining her health issues. Likewise, there

2

may have been other witnesses who could have so testified. Furthermore, there was no showing at the motion for continuance that Defendant's treating physician would have testified that Defendant was "physically and mentally debilitated [and] that she was not able to make sound decisions." [MIO 3] We conclude that without a better showing of what the physician would have testified to, Defendant's claim is speculative. *See State v. Hernandez*, 115 N.M. 6, 15, 846 P.2d 312, 321 (1993) (finding no error in denying a continuance to explore certain avenues of defense where there was no showing that any defense theories had a reasonable possibility of success).

Second, it appears that defense counsel was unable to show how Defendant's medical condition would negate her criminal intent. Defendant points to the criminal jury instruction regarding the inability to form the intent to do a further act or achieve a further consequence. UJI 14-5111 NMRA. This instruction allows a defendant to raise intoxication or mental disease or disorder to negate her ability to form a specific intent. Defendant appears to be arguing that her physician might have testified that she was suffering from some kind of mental condition that could have affected her ability to form the intent to sell alcohol to a minor. Yet, none of this was articulated below [RP 102] or developed on appeal. [MIO 6] There is nothing in the record indicating what Defendant's physician would have said about her mental state or even if her

3

physician had any testimony relevant to the issues. Thus, we fail to see how Defendant was precluded from developing her defense of lack of capacity.

Defendant cites *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25, in support of her claim that the district court should have allowed her more time to seek funds for the doctor's testimony. *Harper* is not on point as it concerned the district court's exclusion of a doctor's testimony for violation of a discovery order. The Supreme Court found an abuse of discretion in the exclusion, urging the district court to work with the parties to alleviate the doctor's concern about being paid. Here, there was no discovery order relating to the doctor's testimony. Rather, the doctor had not even been identified as a witness nor subpoenaed at the time that Defendant requested her continuance.

We conclude that Defendant failed to show prejudice from the denial of her motion for a continuance. For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**


_____

4

**MICHAEL E. VIGIL, Judge**

_____

**LINDA M. VANZI, Judge**